# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 6, 2009

## STATE OF TENNESSEE v. CEDRIC JOHNSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-08041     John Fowlkes, Jr., Judge**

_____

**No. W2008-02239-CCA-R3-CD   -   Filed February 26, 2010**

_____

The Defendant-Appellant, Cedric Johnson, was convicted by a Shelby County jury of one count of reckless endangerment, a Class A misdemeanor, and was sentenced to eleven months and twenty-nine days of confinement at the county workhouse, with six months of the sentence to be suspended.  On appeal, Johnson argues that the trial court erred in failing to set a minimum service percentage for his sentence.  Upon review, we affirm the judgment of the trial court and remand for entry of a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded for Entry of Corrected Judgment**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Jeff Woods, Memphis, Tennessee, for the Defendant-Appellant, Cedric Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rachel Newton, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.**[1] The victim, Paul Glover, received several threatening messages from Johnson, his nephew, regarding some money.  Shortly thereafter, on June 18, 2006, Johnson knocked on the victim's door while he held a gun behind his back.  When the victim finally

---

[1]Johnson did not include the trial transcript in the record on appeal.  It is the duty of the appellant to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal.  Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999).  We, therefore, glean these facts from the sentencing hearing, pre-sentence report, and the technical record.

opened the door, Johnson shot him in the face, which placed the victim in critical condition. Johnson denied shooting the victim and said that he went over to the victim's house to pick up a paycheck for some work he had done. He stated that he rang the victim's doorbell, and the victim began shooting inside his house. Johnson claimed that the victim shot himself when one of the bullets from the victim's gun ricocheted and hit the victim in the face. Johnson was subsequently indicted for criminal attempt first degree murder; however, the jury convicted Johnson of the lesser included offense of reckless endangerment. Following the September 17, 2008 sentencing hearing, during which Johnson and several of his family members testified, the trial court imposed a sentence of eleven months and twenty-nine days of confinement in the county workhouse, with six months of the sentence to be suspended. The court also ordered $2500 in restitution. Johnson filed a timely notice of appeal on September 30, 2008.

## ANALYSIS

Johnson argues that the trial court erred in failing to set a minimum service percentage for his sentence. In response, the State contends that because neither the judgment nor the sentencing transcript provides any information regarding the percentage of the sentence to be served in confinement before being eligible for work release, furlough, trusty status, and rehabilitative programs, the percentage is considered to be zero percent pursuant to Tennessee Code Annotated section 40-35-302(d). We agree.

The sentencing court is granted considerable latitude in misdemeanor sentencing. See, e.g., State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999), perm. to appeal denied (Tenn. March 13, 2000). A separate sentencing hearing is not mandatory in misdemeanor cases; however, the court must provide the defendant with a reasonable opportunity to be heard regarding the length and manner of the sentence. See T.C.A. § 40-35-302(a) (2006). Misdemeanor sentences must be specific and in accordance with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. See id. §§ 40-35-104, -302 (2006); State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an "authorized determinant sentence," and "a percentage of that sentence, which the offender must serve before becoming eligible for consideration for rehabilitative programs, must be designated." Palmer, 902 S.W.2d at 394. Typically, a percentage not greater than 75 percent of the sentence should be fixed for a misdemeanor offender. Id. at 392. A convicted misdemeanant, unlike a felon, has no presumption of entitlement to a minimum sentence. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997) (citing State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994), perm. to appeal denied (Tenn. Sept. 19, 1994)). The misdemeanor sentencing statute requires that the trial court consider the enhancement and mitigating factors as well as the purposes and principles of sentencing when calculating the percentage of the sentence to be served "in actual confinement" prior to "consideration for work release, furlough, trusty

status and related rehabilitative programs." T.C.A. § 40-35-302(d) (2006); see also State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).

The judgment form in this case is blank regarding the percentage of the sentence which Johnson must serve before being eligible for work release, furlough, trusty status, and rehabilitative programs. See T.C.A. § 40-35-302(d) (2006). When the trial court fails to designate a percentage of service for a misdemeanor sentence, the percentage shall be zero. Id. However, the requirement does not apply when the transcript from the sentencing hearing shows that the trial court intended a period of continuous confinement. State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999), perm. to appeal denied (Tenn. Oct. 4, 1999); see also State v. Josh Moon, No. E2000-00690-CCA-R3-CD, 2001 WL 237348, at *3 (Tenn. Crim. App, at Knoxville, Mar. 6, 2001).

Here, the record does not indicate that the trial court intended a period of continuous confinement. Therefore, we set the percentage of minimum service required before being eligible for work release, furlough, trusty status, and rehabilitative programs at zero percent. We take this opportunity to also note that no date of entry for the judgment and no statement that Johnson received a jury verdict of guilty to the offense of reckless endangerment appears on the judgment form. In addition, according to the sentencing hearing transcript, we note that the trial court held that it was imposing a sentence of eleven months and twenty-nine days of confinement in the county workhouse with six months suspended, rather than the five months and twenty-nine days reflected on the judgment. Finally, we note that the amount of restitution on the judgment form is listed as $2400 rather than $2500 as stated by the trial court in the sentencing hearing transcript. "[W]hen there is a discrepancy between what is reflected in the sentencing hearing transcript and what is on the judgment form, the transcript controls." State v. Adrian Porterfield, No. W2006-00169-CCA-R3-CD, 2007 WL 3005349, at *13 (Tenn. Crim. App., at Jackson, Oct.15, 2007) (citing State v. Miranda Sexton, No. E2006-01471-CCA-R3-CD, 2007 WL 596415, at *6 (Tenn. Crim. App., at Knoxville, Feb. 27, 2007); State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991), perm. to appeal denied (Tenn. July 1, 1991)). Accordingly, we affirm the judgment of the trial court; however, given the above inconsistencies, we also remand for entry of a corrected judgment to set the percentage of minimum service at zero percent, to insert a date of entry for the judgment, to insert a jury verdict of guilty to the offense of reckless endangerment, to amend the period of incarceration to five months and twenty-nine days and the period of probation to six months, and to change the amount of restitution from $2400 to $2500.

## CONCLUSION

Upon review of the record, we affirm the trial court's judgment and remand for entry of a corrected judgment to set the percentage of minimum service at zero percent, to insert a date of entry for the judgment, to insert a jury verdict of guilty to the offense of reckless endangerment, to amend the period of incarceration to five months and twenty-nine days and

the period of probation to six months, and to change the amount of restitution from $2400 to $2500.

_____
CAMILLE R. McMULLEN, JUDGE